FILED

2009 DEC -3 PM 2:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ________

DONALD M. SCOTTEN (CA SBN 190532)
AKERMAN SENTERFITT LLP
Email: donald.scotten@akerman.com
ROBERT M. SHAW (CA SBN 243300)
Email: robert.shaw@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
BAC HOME LOANS SERVICING, LP,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and
RECONTRUST COMPANY, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

GRACE KANG, *an individual*

Plaintiff,

v.

BANK OF AMERICA HOME LOANS SERVICING, LP, *business entity unknown*; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *business entity unknown*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 50, inclusive,

Defendants.

Case No. CV09 08890 GAF (RCx)

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION**

**[28 U.S.C. § 1332]**

**[Los Angeles County Superior Court Case No. PC046661]**

Complaint Filed: Oct. 15, 2009
Trial Date: None

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants BAC Home Loans Servicing Inc., Mortgage Electronic Registration Systems, Inc.[1], and ReconTrust Company, N.A. (**defendants**), under 28 U.S.C. §§ 1332(a), 1441 and 1446, hereby remove this action from the Superior Court of Los

[1] MERS is a registry for servicer and investor interests in residential mortgage loans, and serves in a nominal capacity for its members as the mortgagee named in the mortgage and public land records. MERS is not a bank or lender of any kind. It has not made or serviced a loan for Ms. Kang, and has no responsibility for the allegations of the complaint. BAC Home Loans Servicing, LP, services the loan, and makes this appearance because the mortgage names MERS as nominee to the lender, its successors, and assigns.

Angeles County, to the United States District Court for the Central District of California, and state as follows:

## I. STATEMENT OF THE CASE

1. On October 14, 2009, an action was commenced in the Superior Court of Los Angeles County, styled *Grace Kang v. Bank of America Home Loans Servicing, LP, et al.*, Case No. PC046661 (**State Court Action**). A copy of the complaint in the State Court Action is attached as **Exhibit 1.**

2. Plaintiff Grace Kang (**plaintiff**) affirmatively asserted two causes of action: "declaratory relief" and "accounting." (Ex. 1, Compl.) Plaintiff's declaratory action alleges violations of sections 1632 and 2923.5 of the California *Civil Code*. (Ex. 1, Compl. ¶¶ 8–14.)

## II. BASIS FOR DIVERSITY JURISDICTION

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because BAC Home Loans Servicing, LP, is not a citizen of California, the parties are completely diverse, and the amount in controversy exceeds $75,000. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 (2005). The amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a).

4. Plaintiff is a citizen of California.

5. In her complaint, plaintiff named three defendants: Bank of America Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc. (**MERS**), and ReconTrust Company, N.A. (**ReconTrust**).

6. Defendant BAC Home Loans Servicing, LP, is a Texas limited partnership. Its members consist solely of BANA LP, LLC, and BAC GP, LLC, which are both registered in Nevada. BANA LP, LLC, and BAC GP, LLC, are wholly owned by Bank of America, N.A. Bank of America, N.A., is a citizen of North Carolina because that is the location its articles of association establish as its main office. *See* 28

U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.").

7. Defendant MERS is a citizen of Delaware and Virginia, as it is incorporated under the laws of Delaware, and has its principal place of business in Virginia.

8. Defendant ReconTrust is a citizen of California, the place where its articles of association establish as its main office. *See* 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307, 126 S.Ct. at 945. Its citizenship does not impact diversity, however, because it is a nominal party who was fraudulently joined to this action. *See, e.g.*, *Garnder v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotation marks omitted); *see also Saxe, Bacon & Bolan, P.C. v. Martindal-Hubbell*, 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981) ("A party to an action is a nominal . . . party if no cause of action or claim for relief is or could be stated against him . . . ."); *Workman v. Nat'l Supaflu Sys., Inc.*, 676 F.Supp. 690, 693 (D.S.C. 1987) (equating a nominal defendant with a fraudulently joined one); *Raphael v. 18 Rest., Inc.*, 954 F.Supp. 549, 551 (E.D.N.Y. 1996) (same). The only reason ReconTrust was added to this action is because it is the trustee charged with conducting the nonjudicial foreclosure sale. *See* (Ex. 1, Compl. ¶ 2.) Courts, however, "ignore the citizenship of nominal . . . parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates*, 204 F.3d at 561. Moreover, none of plaintiff's causes of action allege any wrongdoing on ReconTrust's part. *See* (Ex. 1, Compl. ¶¶ 8–17.) In other words, plaintiff's joinder of ReconTrust to this action is fraudulent because she has

failed to state a cause of action against ReconTrust and such a failure is obvious according to the settled rules of the state. *See, e.g.*, *Garnder*, 508 F.3d at 561. ReconTrust's citizenship should therefore be disregarded for purposes of diversity jurisdiction.

9. The amount in controversy requirement is also met. In her complaint, plaintiff sought declaratory relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). The value of the object of this litigation—plaintiff's home—is well over $75,000.

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

10. Removal of this action is timely under 28 U.S.C. § 1446(b). Defendants received service and a copy of the complaint on November 3, 2009.

11. Even though its presence in this suit is improper, ReconTrust has consented to the removal of this suit. ReconTrust is represented by the same counsel as consenting defendant BAC Home Loans Servicing, LP. There is no reason to pretend that ReconTrust might not consent when BAC Home Loans Servicing, LP, does. *See, e.g.*, *Esposito v. Home Depot U.S.A., Inc.*, 436 F.Supp.2d 343, 346–347 (D.R.I. 2006) (possibility of disagreement on removal "virtually eliminated" by parties' joint representation); *Nixon v. Wheatley*, 368 F.Supp.2d 635 (E.D. Tex. 2005) (holding codefendants both indicated their consent to the removal through their joint counsel's removal of the case).

12. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action, or sent by facsimile to defendants in the State Court Action, are attached hereto as **Exhibit 1**.

## IV. CONCLUSION

By this notice of removal and the associated attachments, defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other

defenses or objections they may have to this action. Defendants intend no admission of fact, law, or liability by this notice, and expressly reserve all defenses, motions, and/or pleas. Defendants pray that the State Court Action be removed to this court, that all further proceedings in the state court be stayed, and that they receive all additional relief to which they are entitled.

Dated: December 3, 2009

AKERMAN SENTERFITT LLP

By: ______________________
Robert M. Shaw
Attorney for Defendants
BAC HOME LOANS SERVICING, LP,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
RECONTRUST COMPANY, N.A.

# EXHIBIT "1"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/04/09 | DEPT. F49 |
| HONORABLE BARBARA M. SCHEPER JUDGE | S. BLAND DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| B. BYERS, C.A. Deputy Sheriff | NONE Reporter |

| | |
|---|---|
| PC046661<br>GRACE KANG<br>VS<br>BANK OF AMERICA HOME LOANS SERVICING, LP | Plaintiff Counsel GARY POTEET, JR.<br>Defendant Counsel N/P |

NATURE OF PROCEEDINGS:

EX PARTE APPLICATION OF PLAINTIFF, GRACE KANG, FOR AN ORDER TO SHOW CAUSE AND ISSUANCE OF A TEMPORARY RESTRAINING ORDER

The above-captioned ex-parte application is read, considered, and denied for the following reason:

Plaintiff has failed to show a likelihood of success on the merits.

Plaintiff is to give notice.



MINUTES ENTERED
11/04/09
COUNTY CLERK

FILED
LOS ANGELES SUPERIOR COURT
NOV - 4 2009
JOHN A. CLARKE, CLERK
BY B. BYERS, DEPUTY

It has failed to show a likelihood of success on the merits. Denied. 11-4-09 Barbara Scheper

Gene W. Choe, Esq. (SBN 187704)
Gary O. Poteet, Esq. (SBN 188021)
LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010
Telephone 213-639-3888
Facsimile 213-383-8280

Attorneys for Plaintiff, GRACE KANG

**SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES—NORTH VALLEY DISTRICT**

GRACE KANG, *an individual,*

Plaintiff,

vs.

BANK OF AMERICA HOME LOANS SERVICING, LP, *business entity unknown*; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *business entity unknown*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 50, inclusive.

Defendants.

CASE NO: PC046661

Assigned for all purposes to:
The Honorable Barbara M. Scheper
Dept. F49

PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE AND ISSUE A TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF GRACE KANG AND LARRY CHAE IN SUPPORT THEREOF

Date: November 4, 2009
Time: 8:30 a.m.
Dept.: F49

CIT/CASE: PC046661 LEA/DEF#:
RECEIPT #: CHA490205
DATE PAID: 11/04/09 08:22 AM
PAYMENT: $40.00
RECEIVED:
CHECK: 40.00
CASH:
CHANGE:
CARD:
0310

PLEASE TAKE NOTICE THAT on **November 4, 2009, at 8:30 a.m., in Department F49 of the Los Angeles Superior Court-Chatsworth Courthouse located at 9425 Penfield Ave., Chatsworth, CA 91311,** Plaintiff, GRACE KANG, ("Plaintiff") applies for a temporary restraining order and for an order requiring Defendants, BANK OF AMERICA HOME LOANS

SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY; and Does 1 through 50 ("Defendants"), to show cause why a preliminary injunction should not be issued pending trial in this action, enjoining Defendants and their employees, agents, and persons acting with them or on their behalf, from selling, attempting to auctioning, sell, causing to be sold, transferring ownership or further encumbering the real property located at **22149 Pamplico Drive, Santa Clarita, California 91350** ("Subject Property").

Plaintiff respectfully requests that the Court enjoin Defendants from auctioning, selling, causing to be sold, transferring ownership or further encumbering the Subject Property at the Trustee Sale set for **November 9, 2009, at 10:30 a.m.** This application is made pursuant to the Code of Civil Procedure §527, on the grounds that Plaintiff, the owner of the Subject Property, will suffer irreparable harm if Defendants are not enjoined from auctioning, selling, causing to be sold, transferring ownership or further encumbering the Subject Property. This application is based upon the memorandum of points and authorities, declarations of Grace Kang and Larry Chae, and the Complaint previously filed in this matter.

Dated: November 2, 2009

LAW OFFICES OF GENE W. CHOE, P.C

By: ______________________
Gary O. Poteet, Esq.
Attorneys for Plaintiff,
GRACE KANG

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Notice of Default was recorded on June 26, 2009 (a true and correct copy is attached hereto and incorporated herein by reference as "Exhibit A") and the Trustee Sale is scheduled for November 9, 2009 at 10:30 a.m. (a true and correct copy is attached hereto and incorporated herein by reference as "Exhibit B"). The Trustee Sale must be enjoined because Defendants failed to meet the requirements set forth in Civil Code §2923.5 prior to recording the Notice of Default on June 26, 2009. Specifically, Defendants failed to conduct the requisite due diligence in contacting Plaintiff to assess her financial situation and explore options to avoid foreclosure; failed to file a proper declaration pursuant Code of Civil Procedure §2015.5 and Evidence Code, §702, and failed to deliver a translation of the agreements in the Korean language prior to the execution of the loan documents by Plaintiff pursuant to Civil Code §1632.

Defendants' failure to abide by California Civil Code §2923.5 renders the Notice of Default invalid. A Trustee Sale cannot take place without a valid Notice of Default. As such, equity implores that Defendants are enjoined from auctioning, selling, causing to be sold, transferring ownership or further encumbering 22149 Pamplico Drive, Santa Clarita, California 91350 (the Subject Property) to save Plaintiff from suffering irreparable harm.

## II.

## FACTUAL BACKGROUND

Plaintiff, GRACE KANG, purchased her home, located at 22149 Pamplico Drive, Santa Clarita, California 91350, in approximately May 1993. On or about November 20, 2003, Ms. Kang re-financed her mortgage loan through Countrywide Home Loans, which was subsequently acquired by Defendant, BANK OF AMERICA HOME LOANS SERVICING, LP. In negotiating the re-finance of her mortgage, Ms. Kang negotiated all the terms through a Korean-speaking agent since Ms. Kang's limited English abilities precluded her from fully

understanding the negotiation in English. However, Ms. Kang never received any Korean-translated mortgage loan documents.

Since the home's purchase in 1993, Ms. Kang has used this property to serve as home to her and her family. Ms. Kang has diligently paid her monthly mortgage payment as they were due. However, a sharp decline in income from Ms. Kang's small business, Abe's Snack Stand, caused Ms. Kang to begin to suffer extreme financial hardship. The last mortgage payment Ms. Kang was able to afford was in approximately February 2009.

Following this, Ms. Kang began to receive harassing collection calls from Defendants. These calls were all made by English-speaking representatives and no offer or attempt was made by Defendants to contact Ms. Kang through a Korean translator or a Korean-speaking representative. Consequently, Ms. Kang was unable to fully understand the nature of the phone calls. Ms. Kang then retained an attorney to assist her. Despite being told by Ms. Kang that Ms. Kang was represented by an attorney, and despite having received written authorization from Ms. Kang to speak to her attorney, Defendants' representatives continued to contact and harass Ms. Kang with collection calls and "Past Due" letters of collection.

## III.

## AN INJUNCTION SHOULD ISSUE BECAUSE THE PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HER COMPLAINT AND THE BALANCE OF HARM TIPS IN HER FAVOR

Pursuant to California Code of Civil Procedure §526(a)(2), injunctive relief is granted if plaintiff alleges irreparable injury. The California Supreme Court has developed a two-part balancing test in deciding whether to issue a TRO: (1) The likelihood that the applicant will prevail on the merits; and (2) the interim harm the applicant is likely to suffer if the injunction is denied, as compared to the harm that the respondent is likely to suffer if the injunction is issued. *IT Corp. v. County of Imperial*, (1983) 35 Cal.3d 63, 69-70.

In the present case, Plaintiff is entitled to a preliminary injunction because she can demonstrate a likelihood of prevailing on the merits of the Complaint and Plaintiff will suffer

irreparable harm if the injunction is not granted; whereas, Defendants will suffer little to no harm if the injunction is granted.

### A. PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF HER COMPLAINT BECAUSE DEFENDANTS FAILED TO ABIDE BY THE REQUIREMENTS OF CALIFORNIA CIVIL CODE §2923.5

§2923.5. (a) (1) A mortgagee, trustee, beneficiary, or authorized agent may **not file** a notice of default pursuant to Section 2924 until 30 days **after contact is made as required by paragraph (2)** or **30 days after satisfying the due diligence requirements as described in subdivision (g).** (*Emphasis added.*)

**(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.** (*Emphasis added.*)

(b) A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

(d) A mortgagee's, beneficiary's, or authorized agent's loss mitigation personnel may participate by telephone during any contact required by this section.

(e) For purposes of this section, a "borrower" shall include a mortgagor or trustor.

(f) A borrower may designate a HUD-certified housing counseling agency, attorney, or other advisor to discuss with the mortgagee, beneficiary, or

authorized agent, on the borrower's behalf, options for the borrower to avoid foreclosure. That contact made at the direction of the borrower shall satisfy the contact requirements of paragraph (2) of subdivision (a). Any loan modification or workout plan offered at the meeting by the mortgagee, beneficiary, or authorized agent is subject to approval by the borrower.

**(g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following:**

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.
(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.
(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

(5) The mortgagee, beneficiary, or authorized agent has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:

(A) Options that may be available to borrowers who are unable to afford their mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.
(B) A list of financial documents borrowers should collect and be prepared to present to the mortgagee, beneficiary, or authorized agent when discussing options for avoiding foreclosure.
(C) A toll-free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgagee, beneficiary, or authorized agent.
(D) The toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(i) This section shall apply only to loans made from January 1, 2003, to December 31, 2007, inclusive, that are secured by residential real property and are for owner-occupied residences. For purposes of this subdivision, "owner-occupied" means that the residence is the principal residence of the borrower.

(j) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

The tragic trend of the current economic climate is at an alarmingly high rate of foreclosure sales across the country. This trend has given rise to SB 1137 which added §2923.5 to the Civil Code. As presented above, Civil Code §2923.5 sets forth very specific requirements that lenders must follow prior to filing a Notice of Default for loans made from January 1, 2003, to December 31, 2007. The bill became operative on July 8, 2008. The spirit of the bill is to promote work-outs between the borrower and the lender in lieu of foreclosure. Defendants failed to abide by the requirements set forth in Civil Code §2923.5 as will be explained infra.

In the present case, Civil Code §2923.5 applies as the loan was made on or around November 2003. In or around February 2008, Plaintiff's small business revenues began to dramatically decline, creating extreme financial hardship on Plaintiff. Consequently, Plaintiff was unable to make her monthly mortgage payments and became in arrears. The Notice of Default was recorded on June 26, 2009 (Exhibit A) and the Trustee Sale is scheduled for

November 9, 2009, at 10:30 a.m. (Exhibit B).

Defendants' only attempt to abide by Civil Code §2923.5 is to provide an ambiguous, contradictory and blanket "due diligence" statement which completely fails to satisfy the requirements of Civil Code §§2923.5(b) and (g)(1)(2)(3)(4)(5), in light of the legislative intent. The statement reads as follows:

> "I, Mandelyn Wuruk, of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct: BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5"

Civil Code §2923.5(b) requires that every notice of default "shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." In enacting §2923.5, the California Legislature noted "it is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by **modifying the foreclosure process** to **require** mortgagees, beneficiaries, or authorized agents to **contact borrowers** and **explore options** that could avoid foreclosure." (emphasis added) (Historical and Statutory Notes to California Civil Code §2923.5, Section 1(d)) This intent, together with the strict contact requirements of §2923.5, reveals a due diligence mandate, imposed on mortgagees and beneficiaries, to actively contact the borrower for the purpose of exploring alternatives to foreclosure, including a modification of the mortgage loan terms. In light of the extremely detailed contact requirements, mortgagees, beneficiaries, and their authorized agents should not be allowed to circumvent the Legislature's intent by merely including a blanket declaration without further specifying the exact efforts employed by them to contact the borrower.

The suspect statement also fails to demonstrate the requisite due diligence that is clearly

detailed in Civil Code §2923.5(g)(1)(2)(3)(4)(5). The statement does not specify whether Defendants satisfied the due diligence requirements to: 1- send a first-class letter including the toll free telephone number for HUD; then following the mailing of the letter, 2- attempt to contact Plaintiff at least three times at different hours and on different days, 3- use an automated system to dial Plaintiff, 4- send a certified letter, 5- provide a means for toll-free access to a live person, and 6-post a prominent link on the homepage of Defendants' Internet Web site.

Furthermore, in Plaintiff's declaration made under the penalty of perjury, Plaintiff asserts that between February 2009 (when Plaintiff was forced to stop making mortgage payments) and June 2009 (when the Notice of Default was recorded), Plaintiff, unable to intelligently understand the nature of Defendants' communications to her, sought to open communications with Defendants and retained an attorney. Plaintiff further asserts that despite signing an authorization form to direct all communications to Plaintiff's attorney (which was provided to Defendants on February 26, 2009), Defendants obstinately continued to contact her with harassing collection calls. This behavior by the Defendants is not an attempt to explore options to foreclosure but are attempts at collection, and reveals an unwillingness to work with Plaintiff through her chosen representative, in direct violation of the Fair Debt and Collections Practice Act, and contravenes of the spirit of Civil Code §2329.5.

**B. PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF HER COMPLAINT BECAUSE DEFENDANTS FAILED TO ABIDE BY THE REQUIREMENTS OF CALIFORNIA CIVIL CODE OF PROCEDURE §2015.5**

Code of Civil Procedure §2015.5 states in pertinent part:

"Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, **declaration**, verification, certificate, oath, or affidavit, in writing of the person making the same, such may with like force and effect to be supported, evidenced, established or proved by the unsworn statement, **declaration**, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state,

states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California." (Emphasis added.)

Civil Code §2923.5 is clearly a law of this state. Civil Code §2923.5(b) states in pertinent part "A notice of default filed pursuant to Section 2924 shall include a **declaration** from the mortgagee..." (Emphasis added). Further, Evidence Code §702 requires all witness testimony be based on the personal knowledge of the witness in order to be admissible evidence. Consequently, the declaration made pursuant to Civil Code §2923.5 must be made, under penalty of perjury under the laws of the State of California, by an individual who has personal knowledge of the exact efforts made by the mortgagee in order to comply with §2923.5.

The statement which Defendants purport to be their declaration fails to qualify as a declaration since, although it is made under the penalty of perjury, it is not made by an individual with personal knowledge. It is simply a blanket statement, parroting the code language, used by Defendants in an attempt to "satisfy" the requirements of Civil Code §2923.5 and expedite the foreclosure process. If the "at issue" statement is accepted as a declaration, not only will that create great injustice to Plaintiff and the millions in Plaintiff's shoes, but that will open the door to a different, less stringent requirement for a declaration that will be counterintuitive at best, which does not qualify to being in compliance with the law.

In the present case, Defendants have clearly failed to abide by requirements of Civil Code §2923.5, Code of Civil Procedure §2015.5, and Evidence Code §702.

**C. PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF HER COMPLAINT BECAUSE DEFENDANTS FAILED TO ABIDE BY THE REQUIREMENTS OF CALIFORNIA CIVIL CODE §1632**

Civil Code §1632 states in pertinent part:

(b) Any person engaged in a trade or business who negotiates primarily in . . Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of or agreement was negotiated, which includes a translation of every term and condition in that contract or

> agreement:
> (e) Provision by a supervised financial organization of a translation of the disclosures required by Regulation M or Regulation Z. . . in any languages specified in subdivision (b) in which the contract or agreement was negotiated, prior to the execution of the contract or agreement, shall also be deemed in compliance with the requirements of subdivision (b) with regard to the original contract or agreement.
> (k) Upon a failure to comply with the provisions of the section, the person aggrieved may rescind the contract or agreement in the manner provided by this chapter.

Plaintiff's primary language is Korean and she cannot speak or read English well. The loan contract was negotiated in Korean. The loan documents are controlled by Regulation M (RESPA) and Regulation Z (TILA), and include such RESPA and TILA disclosures. However, Plaintiff was never provided with a translated Korean version of the loan documents, let alone the RESPA and TILA disclosures, as required by law. Because Defendants failed to comply with Civil Code §1632, Plaintiff has the right to rescind the contract.

## IV.

## PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF AND WILL SUFFER IRREPARABLE HARM UNLESS THE INJUNCTION IS GRANTED

To be entitled to a preliminary injunction, plaintiff must show that failure to provide interim relief will cause irreparable injury. *Barajas v. City of Anaheim* (1993) 15 Cal. App. 4th 1808, 1813. Owning a home is part of the American dream. Unfortunately, the dream has been derailed by the astounding number of foreclosures across the country that is increasing everyday. People are losing their homes and livelihood, while the corporate giants are able to profit from the sale of people's homes through foreclosure. The displacement of a family, even an individual, from a home is devastating. Plaintiff is now attempting to modify the loan on the subject property; however, while the bank and its agents are working to modify the loan on the one hand, the other hand is trying to take the home from Plaintiff through foreclosure. This is fraud! If Defendants are not enjoined and sell Plaintiff's home in the Trustee Sale, Defendants will have succeeded in committing a fraud by luring Plaintiff into a false since of security by offering loan modification then taking her home so there is nothing to modify. Albeit the

Defendants may suffer a momentary minor loss due to continued nonpayment of the loan, which will be rectified through the modification, the loss is in no way greater than the irreparable harm that Plaintiff will suffer if she loses her home. Furthermore, failure to grant this request for temporary restraining order, will reward Defendants for their fraudulent acts, while taking away Plaintiff's home.

## V.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a temporary restraining order to restrain the Defendants and their agents, attorneys, successors, and representatives and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the Subject Property at the Trustee Sale set for **November 9, 2009, at 10:30 p.m.**

Dated: November 2, 2009

LAW OFFICES OF GENE W. CHOE, P.C

By: ______________________
GARY O. POTEET, ESQ.
Attorneys for Plaintiff,
GRACE KANG

## DECLARATION OF GRACE KANG

I, Grace Kang, declare and state as follows:

1. I am the Plaintiff in the case, Grace Kang v. Bank of America Home Loans Servicing, et. al., case number PC046661. The following statements are made based on my own personal knowledge:
2. My native language is Korean and I have very limited English language abilities.
3. In approximately May 1993, I purchased my home at 22149 Pamplico Drive, Santa Clarita, California 91350. Then, on November 20, 2003, I refinanced the first mortgage for this home, which was done through Countrywide, now Bank of America.
4. The refinancing was completed with the help of a Korean-speaking agent. However, no loan documents, translated into Korean, were ever provided by the bank.
5. This property is the current home for myself and my family.
6. Although I have diligently paid the mortgage on my home, I began suffering extreme financial difficulties since the income I was obtaining from my small business, Abe's Snack Stand, drastically declined.
7. Due to the loss in income, the last mortgage payment I was able to afford was in approximately February 2009.
8. Following this, I began to receive harassing collection calls from the bank. Unable to understand the contents of the phone calls, I retained an attorney and directed the bank to speak with my attorney regarding any such contacts. However, the bank continued to contact only me and never, to the best of my recollection, instructed me that I needed to sign an authorization form for the bank to speak with my attorney.
9. All phone calls from the bank were from English-speaking representatives. The bank never made any offer or effort to connect me with a Korean-speaking representative.
10. From the date of my last payment to the date of the filing of the Notice of Default, the only letters from the bank received by me were, to the best of my understanding, collection or "Past Due" notices.

11. From the date of my last payment to the date of the filing of the Notice of Default, no letters were ever sent in Korean, my native language.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Santa Clarita, California on October 28, 2009.

Grace Kang
Grace Kang

I translated this Declaration into, from, and between Korean and English during telephonic conversations with Ms. Kang. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on October 28, 2009.

[signature]
Larry Chae

## DECLARATION OF LARRY CHAE

I, LARRY CHAE, declare and state as follows:

1. I am a law clerk in the Law Offices of Gene W. Choe and assisting with the matter of Grace Kang v. Bank of America Home Loans Servicing, et. al., case number PC046661. The following statements are made based on my own personal knowledge:
2. A true and correct copy of the Notice of Default is attached hereto as Exhibit A.
3. A true and correct copy of the Notice of Trustee's Sale attached hereto as Exhibit B.
4. Countrywide Bank (now Defendant, Bank of America Home Loans Servicing), was notified, in writing, of Plaintiff counsel's representation of Plaintiff in this matter and provided a copy of Plaintiff's written authorization on February 26, 2009, by certified mail, return receipt requested. This representation was acknowledged by Defendant on April 15, 2009.
5. On October 30, 2009, at approximately 2:47 p.m., I called Defendant, Bank of America Home Loans Servicing, at (800) 669-6607, the telephone number which I have previously used to provide ex parte notice to Bank of America. I spoke with Jacob (Employee ID # 23407396) of the Home Retention Division, and I informed him that on November 4, 2009 at 8:30 a.m. in Department F49 of the Los Angeles Superior Court-Chatsworth Courthouse, located at 9425 Penfield Avenue, Chatsworth, California, counsel for Plaintiff will move the court for an ex parte application for a temporary restraining order enjoining the sale of Plaintiff's property located at 22149 Pamplico Drive, Santa Clarita, California 91350 which is set for November 9, 2009. Jacob did not know whether Bank of America Home Loans Servicing would appear or oppose the ex parte application.
6. On October 30, 2009, at approximately 3:39 p.m., I called Defendant, Mortgage Electronic Registration Systems, at (800) 646-6377, the telephone number which I have previously used to provide ex parte notice to Mortgage Electronic Registration Systems. I left a message in the voicemail box of Brandy Peoples, an employee of Mortgage Electronic Registration Systems, to which I was electronically directed, who has previously accepted notice of ex parte hearings, informing her that on November 4, 2009 at 8:30 a.m. in Department F49 of the

Los Angeles Superior Court-Chatsworth Courthouse, located at 9425 Penfield Avenue, Chatsworth, California, counsel for Plaintiff will move the court for an ex parte application for a temporary restraining order enjoining the sale of Plaintiff's property located at 22149 Pamplico Drive, Santa Clarita, California 91350 which is set for November 9, 2009. She has not returned my call, and I do not know whether Mortgage Electronic Registration Systems will appear or oppose this ex parte application.

7. On October 30, 2009, at approximately 3:41 p.m., I called Defendant, Recontrust Company, at (800) 281-8219, the telephone number listed for Recontrust Company on the Notice of Default. I spoke with Priscilla (Employee ID # 11940) of their foreclosure department and I informed her that on November 4, 2009 at 8:30 a.m. in Department F49 of the Los Angeles Superior Court-Chatsworth Courthouse, located at 9425 Penfield Avenue, Chatsworth, California, counsel for Plaintiff will move the court for an ex parte application for a temporary restraining order enjoining the sale of Plaintiff's property located at 22149 Pamplico Drive, Santa Clarita, California 91350 which is set for November 9, 2009. Priscilla did not know if they would appear or oppose the ex parte application.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on November 3, 2009.

Larry Chae

# EXHIBIT A

This page is part of your document - DO NOT DISCARD

20090963361

Pages: 0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

06/26/09 AT 08:00AM

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |

LEADSHEET

200906260170006

00000769204

002175289

SEQ:
29

DAR - Title Company (Hard Copy)

THIS FORM IS NOT TO BE DUPLICATED

t48

2

LANDSAFE TITLE

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

06/26/2009
"20090963361"

Attn: Angeles Medina
TS No. 09-0087522
Title Order No. 09-8-254558

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $5,271.88, as of 06/25/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

3

TS No. 09-0087522

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember,

YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 11/20/2003, executed by GRACE KANG, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY AND JOSEPH P. KANG, A SINGLE MAN as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 12/03/2003, as Instrument No. 03 3644301 (or Book , Page ) of Official Records in the Office of the County Recorder of Los Angeles County, California.
Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 220,000.00.
That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of: FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 03/01/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES. IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 12/01/2033 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.
That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.
Dated: June 25, 2009
RECONTRUST COMPANY, N.A., as agent for the Beneficiary
By LandSafe Title Corporation, as its Attorney in Fact
By: Gabriela Ibarra

GABRIELA IBARRA

[Page 2 of 2]

*Form nod (09/01)*

y

Bank of America
Home Loans

Notice Date: June 10, 2009
TS#09087522

Property Address:
22149 Pamplico Drive
Santa Clarita, CA 91350

Grace Kang
22149 Pamplico Dr
Santa Clarita, CA 91350

## CALIFORNIA DECLARATION

I, Marilyn Wyrick, of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

☐ BAC Home Loans Servicing, LP has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure,

☒ BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5, or

☐ BAC Home Loans Servicing, LP verified that the borrower has surrendered the property.

☐ BAC Home Loans Servicing, LP has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

☐ BAC Home Loans Servicing, LP has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

☐ The provisions of California Civil Code §2923.5 do not apply because ______________________

6-15-09 Fort Worth, Texas
Date and Place

Marilyn Wyrick
Name of Signor

Collector II
Title and/or Position

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

CALDECLH 8682/9524 8/29/2008

# EXHIBIT B

3305801

NOS

RECORDING REQUESTED BY:
RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

TS No. 09-0087522
Title Order No. 09-8-254558
Investor/Insurer No. 1706213158
APN No. 2807-036-032

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 11/20/2003. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER."**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by GRACE KANG, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY AND JOSEPH P. KANG, A SINGLE MAN, dated 11/20/2003 and recorded 12/03/03, as Instrument No. 03 3644301, in Book , Page ), of Official Records in the office of the County Recorder of Los Angeles County, State of California, will sell on 11/09/2009 at 10:30AM, At the West side of the Los Angeles County Courthouse, directly facing Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, CA 90650

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 22149 PAMPLICO DRIVE, SANTA CLARITA, CA, 91350. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $189,932.71. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

DATED: 09/27/2009
RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone: (800) 281 8219, Sale Information (626) 927-4399

By:____________________________
Trustee's Sale Officer

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

Gene W. Choe, Esq. (SBN 187704)
Gary O. Poteet, Esq. (SBN 188021)
LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, CA 90010
Telephone (213) 639-3888
Facsimile (213) 383-8280

Attorneys for Plaintiff, GRACE KANG

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

FOR THE COUNTY OF LOS ANGELES—NORTH VALLEY DISTRICT

| | |
|---|---|
| GRACE KANG, *an individual,*<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS SERVICING, LP, *business entity unknown*; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *business entity unknown*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO:<br><br>[Proposed] Order Re: Ex Parte Application for a Temporary Restraining Order |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Good cause appearing in the Complaint, supporting declarations, and supporting memorandum; and it appearing that this is a proper case for issuance of an order to show cause and a temporary restraining order; and that, unless a temporary restraining order issues, plaintiffs will suffer irreparable injury before the matter can be heard on notice, IT IS HEREBY ORDERED that:

\\\

\\\

\\\

1) Defendants appear on ____________________, 2009, at __________ .m., in Department _________ of the above-entitled Court, to show cause why a preliminary injunction should not be issued enjoining Defendants from selling or attempting to sell, or causing to be sold, the trust property described in the Complaint on file in this action at the Trustee Sale set for November 9, 2009 and further violating California Civil Code §2923.5.

2) A copy of the Summons and Complaint, along with any supporting declarations or memorandum, be served on Defendants' personal agents, no later than _________________, 2009.

3) A proof of service of the Summons and Complaint must be filed with the court by _________________________, 2009.

4) A copy of this order to show cause and temporary restraining order, along with the ex parte application and any supporting declarations or memorandum, be served, via facsimile, on Defendants' personal agents, no later than ________________________, 2009.

5) A proof of service of the order to show cause and temporary restraining order, along with the ex parte application and any supporting declarations or memorandum, must be filed with the court by ________________________, 2009.

6) Any opposition to the moving papers must be filed by __________________, 2009 and served by overnight mail or fax.

7) Any reply papers be filed by ____________________, 2009 and served by overnight mail.

8) The issue of the amount of undertaking will be determined at the hearing re OSC.

9) Pending the hearing on the order to show cause, Defendants,, their agents, officers, employees, partners, successors, and representatives; and all person acting in concert or participating with them; and each of them are hereby restrained and enjoined from selling, attempting to sell, or causing to be sold the trust property described in the Complaint on file in this action at the Trustee Sale set for November 9, 2009 and further violating California Civil Code §2923.5.

Dated: November ___, 2009

By: ______________________________
The Honorable Barbara M. Scheper

Gene W. Choe, Esq. (SBN 187704)
Gary O. Poteet, Esq. (SBN 188021)
LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, CA 90010
Telephone (213) 639-3888
Facsimile (213) 383-8280

Attorneys for Plaintiff, GRACE KANG

Received
NOV - 4 2009
NORTH VALLEY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

FOR THE COUNTY OF LOS ANGELES—NORTH VALLEY DISTRICT

| | |
|---|---|
| GRACE KANG, *an individual,*<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA HOME LOANS SERVICING, LP, *business entity unknown*; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *business entity unknown*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO:<br><br>[Proposed] Order Re: Ex Parte Application for a Temporary Restraining Order |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Good cause appearing in the Complaint, supporting declarations, and supporting memorandum; and it appearing that this is a proper case for issuance of an order to show cause and a temporary restraining order; and that, unless a temporary restraining order issues, plaintiffs will suffer irreparable injury before the matter can be heard on notice, IT IS HEREBY ORDERED that:

\\\

\\\

\\\

1) Defendants appear on ______________________, 2009, at ___________ .m., in Department __________of the above-entitled Court, to show cause why a preliminary injunction should not be issued enjoining Defendants from selling or attempting to sell, or causing to be sold, the trust property described in the Complaint on file in this action at the Trustee Sale set for November 9, 2009 and further violating California Civil Code §2923.5.

2) A copy of the Summons and Complaint, along with any supporting declarations or memorandum, be served on Defendants' personal agents, no later than __________________, 2009.

3) A proof of service of the Summons and Complaint must be filed with the court by __________________________, 2009.

4) A copy of this order to show cause and temporary restraining order, along with the ex parte application and any supporting declarations or memorandum, be served, via facsimile, on Defendants' personal agents, no later than ___________________________, 2009.

5) A proof of service of the order to show cause and temporary restraining order, along with the ex parte application and any supporting declarations or memorandum, must be filed with the court by ____________________________, 2009.

6) Any opposition to the moving papers must be filed by ____________________, 2009 and served by overnight mail or fax.

7) Any reply papers be filed by ______________________, 2009 and served by overnight mail.

8) The issue of the amount of undertaking will be determined at the hearing re OSC.

9) Pending the hearing on the order to show cause, Defendants,, their agents, officers, employees, partners, successors, and representatives; and all person acting in concert or participating with them; and each of them are hereby restrained and enjoined from selling, attempting to sell, or causing to be sold the trust property described in the Complaint on file in this action at the Trustee Sale set for November 9, 2009 and further violating California Civil Code §2923.5.

Dated: November ___, 2009 By: ________________________________

The Honorable Barbara M. Scheper

| Superior Court of California, County of Los Angeles<br>North Valley District, Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | Reserved for Clerk's File Stamp<br>**FILED**<br>LOS ANGELES SUPERIOR CO<br>OCT 15 2009<br>JOHN A. CLARKE, CLERK<br>BY S. CASILLAS, DEPUTY |
|---|---|
| PLAINTIFF Kang | |
| DEFENDANT BofA | |
| **NOTICE OF ALL PURPOSE CASE ASSIGNMENT and NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER PC046661 |

**Notice of Civil Assignment:** **Dept. F49**

Plaintiff/Attorney(s) for Plaintiff are hereby ORDERED to serve a copy of this Notice on all parties at the time of service of the complaint and summons. Cross-complainants and plaintiffs-in-intervention are ordered to serve a copy on each new party brought into the case. This case is randomly assigned to Judge Barbara M. Scheper for all purposes, in **Department F49** of the North Valley District of this Court. All law and discovery matters must be calendared directly with the judicial assistant or court assistant in Department F49 by calling (818) 576-8403 between the hours of 9:30 a.m. to noon and from 1:30 p.m. to 4:00 p.m. Monday through Friday.

**Notice of Case Management Conference:** All parties are ordered to appear at a Case Management Conference in **Department F49** at the courthouse address shown above at **8:30 a.m.** on

Date: MAR 12 2010

*****NOTICE: READ PAGE 2 OF 2 FOR IMPORTANT INFORMATION**

**You are hereby notified that failure of any party to comply with these Orders may result in sanctions, including dismissal of the complaint and/or striking a pleading, such as an answer, and payment of money. This Order continues on Page 2 of 2. You are further given notice that failure to comply with the provisions of California Rules of Court, Rule 3.110 will result in the setting of an OSC re sanctions. Please read Rule 3.110 and page 2 of this Notice, and all applicable rules and statutes mentioned.**

Dated: OCT 15 2009

Hon. Robert J. Schult, Supervising Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to this action and that on ________________ I served the Notice of All Purpose Case Assignment and Notice of Case Management Conference upon each party or counsel named below:

☐ by personally giving the party notice upon filing of the complaint. OCT 15 2009

☐ by depositing in the United States mail at the courthouse at Chatsworth, California, one copy of the original filed herein in a separate sealed envelope to each address shown on page 2 herein with postage fully prepaid.

Date: ____________________

John A. Clarke, Executive Officer/Clerk

By ______________________, Deputy Clerk

OCT 15 2009

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
LOS ANGELES SUPERIOR COURT
OCT 15 2009
JOHN A. CLARKE, CLERK
BY S. CASILLAS, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
BANK OF AMERICA HOME LOANS SERVICING, LP, business entity unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., business entity unknown; RECONTRUST COMPANY, N.A., business entity unknown; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
GRACE KANG, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, Los Angeles County
9425 Penfield Ave.

Chatsworth, CA 91311

CASE NUMBER:
*(Número del Caso):*
PC046661

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence J. Griffin, Esq. (SBN 188021) 213-639-3888 213-383-8280
Law Offices of Gene W. Choe
3699 Wilshire Blvd., Suite 720
Los Angeles, CA 90010

DATE: OCT 15 2009 JOHN A. CLARKE Clerk, by Sandra Casillas, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT LOS ANGELES COUNTY CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Gene W. Choe, Esq. (SBN 187704)
Lawrence J. Griffin, Esq. (SBN 188021)
LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010
Telephone 213-639-3888
Facsimile 213-383-8280

Attorneys for Plaintiff, GRACE KANG

FILED
LOS ANGELES SUPERIOR COURT
OCT 15 2009
JOHN A. CLARKE, CLERK
BY S. CASILLAS, DEPUTY

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GRACE KANG, *an individual,*<br>Plaintiff,<br>vs.<br>BANK OF AMERICA HOME LOANS SERVICING, LP, *business entity unknown*; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *business entity unknown*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 50, inclusive,<br>Defendants. | CASE NO: PC046661<br>COMPLAINT<br>1) DECLARATORY RELIEF<br>2) ACCOUNTING<br>[Pursuant to Cal. Civ. Code §2923.5] |

COMES NOW PLAINTIFF, GRACE KANG ("Plaintiff"), for causes of action against DEFENDANTS, BANK OF AMERICA HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A.; and DOES 1 through 50; (collectively "Defendants"), and each of them, as follows:

**FIRST CAUSE OF ACTION**
(Declaratory Relief by Plaintiff against All Defendants)

CASE: PC046661 LEA/DEF#:
RECEIPT #: CHA538971006
DATE PAID: 10/15/09 02:32:47 PM
PAYMENT: 355.00
RECEIVED:
CHECK: 355.00
CASH:
CHANGE:
CARD:
0310

1. Plaintiff is now, and at all times relevant to this complaint was, the owner of the real property commonly known as 22149 Pamplico Drive, Santa Clarita, California 91350 ("Subject Property").

2. Defendant, RECONTRUST COMPANY, is a provider of non-judicial foreclosure proceedings. This Defendant is a current trustee of the deed of trust described in paragraph 6.

3. Defendants, BANK OF AMERICA HOME LOANS SERVICING, LP and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., are now, and at all times relevant to this complaint were, beneficiaries of the deed of trust described in paragraph 6.

4. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued as Doe 1 through Doe 50. Each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right title or interest in the subject property, or both.

5. On or about November 20, 2003, for valuable consideration, Plaintiff, as borrower, made, executed and delivered to Brenward Mortgage Corporation, a written promissory note in the amount of $220,000.00. This note was subsequently acquired by Defendants, BANK OF AMERICA HOME LOANS SERVICING, LP and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

6. To secure payment of the principal sum and interest as provided in the note and as part of the same transaction, Plaintiff, as trustor, executed and delivered to Defendants a deed of trust dated on or about November 20, 2003, by the terms of which Plaintiff, as trustor, conveyed to Defendants, as trustee, real property described in paragraph 1. On or about November 20, 2003, Plaintiff purchased the property and took a loan out from Defendants.

7. On June 26, 2009, Defendants caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust in document number 20090963361 of the Official Records of Los Angeles County, California. (A copy of the Notice of Default and election to sell is attached as Exhibit A and incorporated here by reference)

8. Defendants have improperly recorded the Notice of Default in that Defendants failed to comply with the publishing and posting requirements of California Civil Code, §2923.5 (a)(1)(2) by failing to notify Plaintiff in person or by telephone in order to assess Plaintiff's

financial position and explore options for the borrower to avoid foreclosure. In addition, Defendants did not advise the Plaintiff that he had the right to request a subsequent meeting, and no meeting occurred within the 14 day requirement. Furthermore, the Defendants did not provide the Plaintiff a telephone number to the United States Department of Housing and Urban Development to find a HUD-certified housing counseling agency as required by California Civil Code, §2923.5. An actual controversy exists between the Plaintiff and Defendants concerning their respective rights and duties pertaining to the Subject Property and the described transactions.

9. Defendants have improperly recorded the Notice of Default in that Defendants failed to comply with the requirements of California Civil Code, §2923.5(b) and (g)(1)(2)(A)(B)(C)(3)(4)(5) to conduct "due diligence" in attempting to contact the borrower by: attempting to contact the borrower first by a first class letter that includes a toll-free number for HUD to find a HUD-certified housing counseling agency; after the letter has been sent to contact the borrower by telephone at least three times, at three hours and on different days; attempting to contact the borrower with an automated system that connects borrowers to a live representative; send a certified letter to the borrower with return receipt requested if borrower does not respond with two weeks; provide a means for the borrower to contact in a timely manner; post a prominent link on the homepage of the Internet Web site. An actual controversy exists between the Plaintiff and Defendants concerning their respective rights and duties pertaining to the Subject Property and the described transactions.

10. Defendants have failed to comply with California Civil Code, §1632 in that Defendants never provided Plaintiff with a translated version of the TILA and RESPA disclosures in Korean as the loan was negotiated in Korean, and Plaintiff's primary language is Korean and he can neither speak nor read English.

11. As a proximate result of Defendants' actions, Plaintiffs are now facing an imminent sale of their home.

12. Plaintiffs desire a judicial determination and declaration of the parties' respective rights and duties; specifically, that Defendants failed to comply with the statutory requirements

relating to the recording of the Notice of Default on June 26, 2009. Judicial declaration is appropriate at this time so that the court may determine the rights and duties of the parties before the subject property is sold at a trustee sale.

13. Defendants intend to sell, and unless lawfully restrained, will indeed sell or cause to be sold the subject property that would result in irreparable injury to Plaintiffs, via losing the family home with no right to redeem.

14. A trustee's sale would be wrongful and should be enjoined by virtue of the facts alleged above. Plaintiffs has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiffs' interests until such time as the court makes a determination as to the rights and duties between the parties.

**SECOND CAUSE OF ACTION**
**(Accounting by Plaintiff Against All Defendants)**

15. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 as though fully alleged and set forth herein.

16. Defendants have collected monies from Plaintiff since the consummation of the loan. Since the violations of the loan, including failure to provide a copy in Korean, allow the remedy of rescission, all monies collected are in trust; therefore, a fiduciary relationship exists between Defendants and Plaintiff.

17. Should the remedy of rescission be executed, the amount of money Defendants owe to Plaintiff is unknown to Plaintiff and cannot be determined without an accounting.

WHEREFORE, Plaintiff demands judgment as follows:

**AS TO ALL CAUSES OF ACTION**

1. That the Court issue a declaration of the rights and duties of the parties; specifically, that Defendants have no right to conduct the sale, because the Defendants have not followed the required sale procedures required under California Civil Code, §2923.5.

2. That the Court issue a declaration of the rights and duties of the parties; specifically, that Defendants have no right to conduct the sale, because the Defendants have not complied with the requirements of California Civil Code, §1632, in providing a Korean translated copy of the TILA and RESPA disclosures.

3. That the Court issue a temporary restraining order, a preliminary injunction, and a permanent injunction restraining the Defendants and their agents, attorneys, successors, and representatives and all persons acting in concert or participating with them, from selling attempting to sell, or causing to be sold the Subject Property either under the power of sale in the deed of trust or by foreclosure action.

4. That the Court order the Defendants to give a complete accounting between Plaintiff and Defendants determining the amount, if any, that Defendants actually owe Plaintiff.

5. That Plaintiff recover reasonable attorney fees and costs incurred in this action, and that the Court award all other appropriate relief.

Dated: October 12, 2009

LAW OFFICES OF GENE W. CHOE, PC

By: ______________________________
LAWRENCE J. GRIFFIN, ESQ.
Attorney for Plaintiff,
GRACE KANG

# EXHIBIT A

This page is part of your document - DO NOT DISCARD

20090963361

Pages: 0004

Recorded/Filed in Official Records Recorder's Office, Los Angeles County, California

06/26/09 AT 08:00AM

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |

LEADSHEET

200906260170006

00000768204

002175289

SEQ: 29

DAR - Title Company (Hard Copy)

THIS FORM IS NOT TO BE DUPLICATED

t46

2

LANDSAFE TITLE
RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

06/26/2009
*20090963361*

Attn: Angeles Medina
TS No. 09-0087522
Title Order No. 09-8-254558

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,**

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is $5,271.88, as of 06/25/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.



*Form nod (09/01)*

29

3

TS No. 09-0087522

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember,

YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 11/20/2003, executed by GRACE KANG, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY AND JOSEPH P. KANG, A SINGLE MAN as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 12/03/2003, as Instrument No. 03 3644301 (or Book , Page ) of Official Records in the Office of the County Recorder of Los Angeles County, California.
Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 220,000.00.
That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 03/01/2009 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES. IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON 12/01/2033 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.
That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.
Dated: June 25, 2009
RECONTRUST COMPANY, N.A., as agent for the Beneficiary
By LandSafe Title Corporation, as its Attorney In Fact
By [signature]

GABRIELA IBARRA

[Page 2 of 2]

Form nod (09/01)

y

Bank of America
Home Loans

Notice Date: June 10, 2009
TS#090087522

Property Address:
22149 Pamplico Drive
Santa Clarita, CA 91350

Grace Kang
22149 Pamplico Dr
Santa Clarita, CA 91350

## CALIFORNIA DECLARATION

I, Marilyn Wyrick of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

☐ BAC Home Loans Servicing, LP has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

☒ BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5, or

☐ BAC Home Loans Servicing, LP verified that the borrower has surrendered the property.

☐ BAC Home Loans Servicing, LP has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

☐ BAC Home Loans Servicing, LP has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

☐ The provisions of California Civil Code §2923.5 do not apply because ____________________________________.

6-15-09 Fort Worth, Texas
Date and Place

Marilyn Wyrick
Name of Signor

Collector II
Title and/or Position

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
CALDECLH 8852/9524 8/29/2008

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Lawrence J. Griffin, Esq. (SBN 188021)
Law Offices of Gene W. Choe
3699 Wilshire Blvd., Suite 720

Los Angeles, CA 90010
TELEPHONE NO.: 213-639-3888 FAX NO.: 213-383-8280
ATTORNEY FOR *(Name)*: Grace Kang

FOR COURT USE ONLY

FILED
LOS ANGELES SUPERIOR COURT
OCT 15 2009
JOHN A. CLARKE, CLERK
BY S. CASILLAS, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: Chatsworth Courthouse

CASE NAME: Kang v. Bank of America Home Loans Servicing, et. al.

## CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[x] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [ ] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 12, 2009
Lawrence J. Griffin, Esq. (SBN 188021)
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

DOR L

| SHORT TITLE: Kang v. Bank of America Home Loans Servicing, et. al. | CASE NUMBER PC046661 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL [ ] HOURS/ [2] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: Kang v. Bank of America Home Loans Servicing, et. al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

**PROOF OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On December 3, 2009, I served the following document(s) described as:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION**

on the persons below as follows:

Ilhwan Park, Esq.
Law Offices of Gene W. Choe
3699 Wilshire Boulevard, Suite 720
Los Angeles, CA 90010
Telephone No.: (213) 6393888
Facsimile No.: (213) 383-8280

***Attorneys for Plaintiff Grace Kang***

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐ deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒ placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 3, 2009, at Los Angeles, California.

Angela K. Walter
Type Name

Angela K. Walter
Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

**CV09- 8890 GAF (RCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

KANG, Grace

**DEFENDANTS**

Bank of America Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company, N.A.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Gene W. Choe, Lawrence J. Griffin, Law Offices of Gene W. Choe, 3699 Wilshire Blvd., Suite 720, Los Angeles, CA 90010, 213-639-8280

**Attorneys (If Known)**

Donald M. Scotten, Robert M. Shaw, Akerman Senterfitt, LLP, 725 South Figueroa St., 38th Fl., Los Angeles, CA 90017, 213-688-9500

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** more than $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1332(a), 1441, and 1446 - removal based on diversity jurisdiction.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☑ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV09 08890

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Grace Kang - Los Angeles County, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ReconTrust Company, N.A. - Ventura County, California | BAC Home Loans Serving, LP - North Carolina<br>Mortgage Electronic Registration Systems, Inc. - Delaware and Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arose in Los Angeles County, California | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date 12/3/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On December 3, 2009, I served the following document(s) described as:

## U.S.D.C. OF CALIFORNIA CIVIL COVER SHEET

on the persons below as follows:

Ilhwan Park, Esq.
Law Offices of Gene W. Choe
3699 Wilshire Boulevard, Suite 720
Los Angeles, CA 90010
Telephone No.: (213) 6393888
Facsimile No.: (213) 383-8280

***Attorneys for Plaintiff Grace Kang***

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐ deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒ placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 3, 2009, at Los Angeles, California.

Angela K. Walter
Type Name

[signature]
Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)